Law Offices of Sara L. Bloom
1120 Huffman Rd. Ste 24-785
Anchorage, AK 99515
(907) 519-3613
f(907) 345-8570
sara@907lawyer.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

JAIME TYLER,

Plaintiff,

v.

STATE OF ALASKA, ALASKA STATE EMPLOYEES ASSOCIATION (ASEA) LOCAL 52, AFL-CIO, JAMES TRAVLINE, AND OMAR SUTHERLAND,

Defendants.

Case No.

**COMPLAINT WITH JURY DEMAND**

Plaintiff, Jaime Tyler ("Plaintiff" or "Ms. Tyler"), by and through undersigned counsel, files her Complaint against the State of Alaska ("State" "State of Alaska" or "her Employer"), Alaska State Employees Association Local 52, AFL-CIO ("ASEA"), James Travline ("Defendant Travline"), and Omar Sutherland ("Defendant Sutherland") and states as follows:

## I.   JURISDICTION AND PARTIES

1.  This is an employment action for violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); and pendent state claims including a violation of the Alaska Human Rights Act AS § 18.80.220, Retaliation, Battery, Breach of Duty of Fair Representation, and Breach of Good Faith and Fair Dealing.

2.  Plaintiff, African-American female fire-fighter had endured a severe and pervasive hostile work environment on the basis of race and sex and suffered retaliation for reporting and retaliatory removal from her job in violation of FMLA and state discrimination law.

3.  Plaintiff's rights also were violated when the Plaintiff wanted to file a grievance for being improperly removed from her job, and the Union refused to file a grievance and protect her interests.

4.  Plaintiff is an African-American female over the age of 18 and is a resident of Soldotna, Alaska.

5.  Defendant Travline is over the age of 18 and is a resident of Fairbanks, Alaska.

6.  Defendant Sutherland is over the age of 18 and is a resident of Fairbanks, Alaska.

7. Defendant State of Alaska is a governmental entity who employed the Plaintiff, and the acts of its employees acting within the scope of their employment are imputed to the Defendant State of Alaska through the theory of *Respondeat Superior*.

8. Alaska State Employees Association, Local 52, AFL-CIO is the Union who represented Plaintiff while she was an employee with the State of Alaska.

9. The events out of which this controversy arose occurred in Fairbanks, Delta Junction, and Palmer, Alaska.

10. This Court has original jurisdiction over FMLA claims pursuant to 29 U.S.C. § 2617, 28 USC § 1367, and Section 1981 claims pursuant to 28 § U.S.C. §§1331 and 1343(a)(4); and has supplemental jurisdiction over the state law claims pursuant to 28 USC § 1367.

## II. VENUE

11. Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

## III. FACTS

12. On or about August 7, 2011, Plaintiff started working for Defendant as a firefighter for the Alaska Department of Natural Resources Division of Forestry in Fairbanks, Alaska.

13. Plaintiff was a hard-working employee and excelled in her position.

14. Ms. Tyler was the only African-American female firefighter at her

Division and was therefore in a protected class on the basis of sex and race.

15. Ms. Tyler worked in a male-dominated environment.

16. Ms. Tyler was subjected to a hostile work environment because of her race and sex.

17. Several male co-workers were intimidated by her abilities and progressive rank in her field and believed that being a firefighter was not a woman's job.

18. On or about July 2017, Ms. Tyler was promoted and independently completed many single resource assignments both, in and out of the State of Alaska.

19. Ms. Tyler received excellent performance evaluations and commendations throughout her several years in Wildland Fire.

20. In July 2017, Ms. Tyler applied, interviewed, and was offered a higher forestry position as a Wildland Firefighter and Resource Technician II, for the State of Alaska.

21. Approximately a week later they reigned on Ms. Tyler's promotion and gave the position to Randall Allen, a white male co-worker.

22. Mr. Allen had fewer years of experience and lacked the minimum qualifications.

23. Ms. Tyler endured a hostile work environment where many of Plaintiff's male co-workers made negative remarks toward her, refused to treat her

equally, created sexual rumors, told her that this was not a job for pretty girls, and told jokes of a sexual nature.

24.    Ms. Tyler informed her supervisor of the hostile work environment.

25.    Ms. Tyler also asked her supervisor for a women's bathroom because she needed privacy from the men when showering.

26.    Ms. Tyler was denied a woman's bathroom despite having to shower as a result of required physical exercise.

27.    Ms. Tyler previously filed a complaint against James Travline for treating her in a disparate discriminatory manner.

28.    To the best of Ms. Tyler's information and belief, her supervisor dismissed her complaints.

29.    After Ms. Tyler earned a permanent position with the state, a male firefighter along with other firefighters in the Fairbanks Area Forestry division invited her to a bar after they had been attending a State of Alaska funded training course.

30.    The training course was in Palmer, Alaska outside of her normal work location.

31.    Defendant Travline and Defendant Sutherland were Ms. Tyler's immediate co-workers while she was stationed at Fairbanks Forestry.

32.     On April 27, 2018, at the Palmer Bar, Moosehead Saloon, Ms. Tyler based on her knowledge and belief, was drugged by a male firefighter, Defendant Travline at the bar.

33.     Defendant Travline had access to tranquilizing drugs.

34.     Defendant Travline gave Ms. Tyler a beer.

35.     Defendant Travline told her co-workers that this beer was only for Ms. Tyler.

36.     Upon reasonable information and belief, Defendant Travline placed a tranquilizing substance in the beer that he gave Ms. Tyler.

37.     Within minutes after drinking the beer, Ms. Tyler was severely impaired.

38.     After Ms. Tyler was severely impaired, Defendant Sutherland entered the women's bathroom with Plaintiff.

39.     Defendant Sutherland engaged in intercourse with Plaintiff in the women's bathroom at the Palmer Bar.

40.     Defendant Sutherland is married.

41.     Ms. Tyler did not show any interest of a nonprofessional nature toward Defendant Sutherland.

42.     At no time did Ms. Tyler give her consent to engaging in sexual intercourse with Defendant Sutherland.

43.     Ms. Tyler was left in the women's bathroom by Defendant Sutherland while she was lying naked on the floor in the woman's bathroom.

44.   During the police investigation, no one would admit that Defendant Travline gave Jaime a beer.

45.   As a result of the rape, Ms. Tyler developed post-traumatic stress disorder and sought treatment.

46.   Ms. Tyler attended counseling with Josie Barry, ("Ms. Barry") the owner and counselor at Hats of Wisdom in Delta Junction, the Forestry Base where she was newly assigned; Ms. Barry assisted her and helped her obtain additional assistance from community resources and wrote a letter for her employer which exposed her diagnoses code.

47.   Defendant State of Alaska put Defendant Sutherland on paid investigative leave for a brief period, then returned him to work on or about July 2, 2018, while he had an active immediate protective order granted by the Fairbanks Court House for assaulting Ms. Tyler.

48.   Defendant State of Alaska was aware of Ms. Tyler's disability as a result of the sexual assault.

49.   Defendant State of Alaska did not provide her with any reasonable accommodation.

50.   Defendant State of Alaska did not pay her for any time off as a result of her disability.

51. Ms. Barry who was treating Ms. Tyler advised her that she needed to take at least two months off from June 1st to August 1st to get the assistance that she needed.

52. Ms. Tyler took FMLA leave to protect her employment.

53. Ms. Tyler obtained a return to work release letter from her Fairbanks doctor Randy Lewis which stated that she could return to work on August 1, 2018.

54. Upon Ms. Tyler's knowledge and belief, when Ms. Tyler returned to work, she immediately sensed that everyone knew of the rape, and treated her differently and not in a compassionate way; she then decided that she could not trust her employer and decided to record her interactions that day.

55. On August 2, 2018, two days after Ms. Tyler returned from unpaid leave under FMLA, she was removed from her job and was further placed on unpaid leave.

56. This financial hardship and continued abuse caused Ms. Tyler extreme emotional distress; Ms. Tyler could not believe that her employer mistreated her, and that her employer would allow Defendant Sutherland to remain employed.

57. On or about August 2, 2018, Ms. Tyler called Human Resources and her union representative for help and to file a grievance and make a complaint; she was told that she could not file a grievance until the union

representative returned from vacation, and it just so happened that the
season would be over by the time that they returned.

58.     Ms. Tyler was then told that she was required to attend a meeting with
several very high up management personnel without assistance and was not
to tell anybody about the meeting.

59.     Ms. Tyler wrote letters that she wanted to work and wrote the union
informing them that she wanted to file a grievance that management
mistreated her and inappropriately took her out of her job.

60.     The union refused to file a grievance on her behalf for improperly removing
her from her job and placing Ms. Tyler on unpaid leave causing her
damages.

61.     Ms. Tyler was not paid since June 1st and was required to pay union dues
until mid-September, and she was not provided any medical benefits unless
she paid for them out of pocket.

62.     Ms. Tyler has over $1,000 in charges from the Union, and they have failed
to file a grievance on her behalf.

63.     Based on Ms. Tyler's information and belief, she was told that she would
be terminated if she did not sign a false document to extend her probation;
she refused, and the State of Alaska placed her on unpaid leave.

64. This treatment left Ms. Tyler being convinced that her employer will not protect her, and she is fearful about resuming her position without any protection or compassion for what she had endured.

65. As a result of these inappropriate and illegal actions, Mr. Tyler had no choice but to resign.

## IV. FEDERAL CAUSES OF ACTION

### COUNT I- AGAINST THE STATE OF ALASKA -RETALIATION IN VIOLATION OF FMLA

66. Plaintiff incorporates by reference the foregoing paragraphs 1-65.

67. Defendant State of Alaska is an employer covered by the Family and Medical Leave Act pursuant to 29 U.S.C. § 2601, *et seq*.

68. Plaintiff was provided leave under the Family and Medical Leave Act, pursuant to 29 CFR § 825.114, but as soon as she returned to work, management removed her from her job.

69. Defendant engaged in prohibited conduct under the FMLA by retaliating against her for taking leave under the FMLA. Defendant's actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

70. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings and earning capacity; loss of fringe and pension benefits; suffered mental anguish, physical and

emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

**WHEREFORE**, on this count Plaintiff prays for judgment against the Defendant as follows:

- Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and 29 U.S.C. § 2617(a)(1)(A)(ii);

- Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

- Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B); and

- Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C. § 2617(a)(3), and such other relief as this Court may deem just and proper.

**COUNT II-AGAINST THE STATE OF ALASKA- VIOLATION OF 42 U.S.C. § 1981**

71. Plaintiff incorporates by reference the foregoing paragraphs 1-70.

72. Defendant's discrimination is in violation of the rights of Plaintiff afforded by her by the Civil Rights Act 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

73. By the conduct described above, Defendant intentionally deprived the above-named African-American Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with the State of Alaska, in violation of 42 U.S.C. § 1981.

74. As a result of Defendant's discrimination in violation of Section 1981, the African-American Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling her to compensatory damages.

75. In its discriminatory actions as alleged above, Defendant has acted with malice or reckless indifference to the rights of the above-named African-American Plaintiff thereby entitling her to an award of punitive damages.

76. To remedy the violations of the rights of Plaintiff secured by Section 1981, Plaintiff requests that the Court award her the relief prayed for below.

## V. PENDANT STATE CLAIMS

### COUNT III-AGAINST STATE OF ALASKA-DISCRIMINATION IN VIOLATION OF AS § 18.80.220(a)(1) ON THE BASIS OF RACE AND SEX - HOSTILE WORK ENVIRONMENT

77. Plaintiff incorporates by reference the foregoing paragraphs 1-76.

78. Plaintiff is a female African-American Plaintiff and is therefore in a protected class.

79. Plaintiff endured offensive conduct on the basis of race and sex which included offensive or derogatory remarks about a Plaintiff's sex and race by Plaintiff's co-workers and management.

80. The conduct was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

81. As a result of the violation of AS § 18.80.220(a)(1), Plaintiff is entitled to equitable and injunctive relief, including "rightful place" and "make whole" remedies and equitable monetary relief, to remedy and compensate for the effects of Defendant State of Alaska's unlawful actions.

82. As a result of the Defendant State of Alaska and its employees' intentional acts violating AS § 18.80.220(a)(1), Plaintiff has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life, thereby entitling her to compensatory damages.

83. In its discriminatory actions as alleged above, Defendant State of Alaska and its employees acted with malice or reckless indifference to the rights of the above-named African American female Plaintiff.

84. To remedy the violation of the rights of the Plaintiff secured by AS §18.80.220(a)(1), Plaintiff requests that the Court award them the relief prayed for below.

**COUNT IV- AGAINST STATE OF ALASKA- DISCRIMINATION IN VIOLATION OF 18.80.220(a)(1) ON THE BASIS OF RACE AND SEX - ADVERSE ACTION**

85. Plaintiff incorporates by reference the foregoing paragraphs 1-84.

86. As a result of Plaintiff's sex and race, on August 2, 2018, Ms. Tyler was removed from her position after returning to her job.

87. As a result of the violation under state statute, Plaintiff is entitled to equitable and injunctive relief, including "rightful place" and "make whole" remedies and equitable monetary relief, to remedy and compensate for the effects of Defendant State of Alaska's unlawful actions.

88. As a result of the Defendant State of Alaska's intentional violation of AS § 18.80.220, Plaintiff has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life, thereby entitling her to compensatory damages.

89. In its discriminatory actions as alleged above, Defendant State of Alaska has acted with malice or reckless indifference to the rights of the above-named female African- American Plaintiff.

90. To remedy the violation of the rights of Plaintiff secured by AS § 18.80.220(a)(1), Plaintiff requests that the Court award her the relief prayed for below.

**COUNT V- AGAINST STATE OF ALASKA- DISCRIMINATION IN VIOLATION OF 18.80.220(a)(1) ON THE BASIS OF RACE AND SEX- DISPARATE TREATMENT**

91. Plaintiff incorporates by reference the foregoing paragraphs 1-90.

92. Ms. Tyler was treated by her employer in a discriminatory manner on the basis of sex when she was not treated as favorably as the men who were similarly situated.

93. Ms. Tyler was treated by her employer in a discriminatory manner on the basis of race when she was not treated as favorably as the non-African-Americans who were similarly situated.

94. Such disparate treatment included Ms. Tyler not being awarded a position that was offered to her then given to a white male.

95. Such disparate treatment included allowing Defendant Sutherland paid leave and not allowing her paid leave while under investigation.

96. In its discriminatory actions as alleged above, Defendant State of Alaska has acted with malice or reckless indifference to the rights of the above-named female African- American Plaintiff.

97.     To remedy the violation of the rights of Plaintiff secured by AS §

        18.80.220(a)(1), Plaintiff requests that the Court award them the relief

        prayed for below.

**COUNT VI-AGAINST STATE OF ALASKA-DISCRIMINATION IN VIOLATION OF AS 18.80.220(a)(1) ON THE BASIS OF DISABILITY**

98.     Plaintiff incorporates by reference the foregoing paragraphs 1-97.

99.     At all times material hereto, Plaintiff was an employee and Defendant State

        of Alaska her employer is covered by and within the meaning of AS §

        18.80.220(a)(1).

100.    At all times material hereto, Plaintiff was and a qualified individual with a

        disability.

101.    Plaintiff's suffered a mental impairment that substantially limits one or

        more major life activities.

102.    Defendant was aware of Plaintiff's medical condition.

103.    Defendant regarded Plaintiff's medical condition as a physical impairment

        that substantially limited one or more major life activities.

104.    Plaintiff's disability, and/or record of a disability, and/or perceived

        disability was a factor that made a difference in Defendant's decision to

        remove her from her job.

105.    Others not in her protected class were treated more favorably and were not

        removed.

106.  Defendant also had a duty to engage in the interactive process and breached its duty to engage in the interactive process. *Barrett v. U.S. Air, Inc.*, 228 F3d 1105 (9th Cir. 2000).

107.  Defendant had a duty to reasonably accommodate Ms. Tyler by allowing her to take paid leave, and Defendant State of Alaska breached its duty by failing to accommodate Plaintiff by not providing her paid leave when she suffered symptoms as a result of her disability.

108.  Such accommodation was not an undue hardship for the Defendant State of Alaska.

109.  The actions of Defendant State of Alaska were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

110.  As a direct and proximate result of Defendant State of Alaska's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected as her employment was terminated.

111.  As a direct and proximate result of Defendant State of Alaska and its employees' wrongful acts and omissions, Plaintiff sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment;

loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

**COUNT VII-DEFENDANTS JAMES TRAVELINE AND OMAR SUTHERLAND- ASSAULT AND BATTERY**

112. Plaintiff incorporates by reference the foregoing paragraphs 1-111.

113. Plaintiff was attending training remotely when co-workers Defendants Travline and Sutherland committed the intentional tort of assault and battery when Defendant Travline intended and followed through with drugging her and Defendant Sutherland intended and followed through with having sexual intercourse with her without her consent.

114. Ms. Tyler did not consent to being roofied or raped.

115. Ms. Tyler did not cause the Defendants Travline or Sutherland to reasonably believe that Plaintiff consented to these acts.

116. As a result of the assault and battery, Plaintiff suffered damages including severe emotional distress.

**COUNT VIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-AGAINST DEFENDANTS STATE OF ALASKA, DEFENDANT TRAVLINE AND DEFENDANT SUTHERLAND**

117. Plaintiff incorporates by reference the foregoing paragraphs 1-116.

118. Defendants Travline and Sutherland intended to inflict harm and emotional distress on Plaintiff.

119.   As a result, Defendants acted intentionally or recklessly.

120.   Defendants' conduct was extreme and outrageous.

121.   Defendants' conduct caused Plaintiff severe emotional distress.

122.   Defendant State of Alaska intentionally removed Plaintiff from her job without cause and intentionally treated her in a discriminating and demeaning manner knowing that it would cause her severe emotional distress.

123.   As a result of Defendants egregious actions, Plaintiff suffered severe emotional distress.

**COUNT IX- INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE – AGAINST DEFENDANTS TRAVLINE AND SUTHERLAND**

124.   Plaintiff incorporates by reference the foregoing paragraphs 1-123.

125.   Ms. Tyler was harmed because Defendants Travline and Sutherland intentionally interfered with a potential business relationship between her and the State.

126.   Ms. Tyler had a business relationship with the State and the potential to work there for many more years.

130.   Defendants Travline and Sutherland knew about the relationship.

131.   Defendants Travline and Sutherland intended to prevent Ms. Tyler from achieving the relationship and disrupted the relationship.

132. Defendants Travline and Sutherland's conduct interfered with Ms. Tyler's relationship with the State.

133. Defendants Travline and Sutherland's interference caused damage to Ms. Tyler.

134. Defendants Travline and Sutherland's conduct was not privileged or justified.

135. As a result of Defendants Travline and Sutherland's conduct, Defendants Travline and Sutherland caused Ms. Tyler to suffer monetary damages in the form of back pay, and non-economic damages in the form of emotional distress, and harm to reputation and future employment.

**COUNT X- AGAINST STATE OF ALASKA- BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING/CONSTRUCTIVE DISCHARGE.**

136. Plaintiff incorporates by reference the foregoing paragraphs 1-135.

137. Plaintiff's employment with the State includes the implied covenant of good faith and fair dealing which is embodied in every employment relationship entered into in Alaska and imposes a duty on her Employer to treat its employees in a fair, equitable, nonbiased, and nondiscriminatory manner.

138. Defendant State of Alaska breached its duty when it subjected Plaintiff to a hostile work environment in violation of AS §18.80.220 and removed her from her job.

139. Defendant State of Alaska also breached its duty as it failed to properly supervise, monitor, properly train or admonish Ms. Tyler's supervisor and management for their discriminatory behaviors and actions.

140. As a result of Defendant State of Alaska's breaches, Defendant and its employees caused Plaintiff damages including lost wages and pain and suffering.

141. As a result of engaging in such discriminatory behavior, Plaintiff suffered physical and emotional injuries.

**COUNT XI- BREACH OF DUTY OF FAIR REPRESENTATION AGAINST DEFENDANTS STATE OF ALASKA AND ASEA.**

142. Plaintiff incorporates by reference the foregoing paragraphs 1-141.

143. On or about August 2, 2018, Plaintiff requested to file a grievance for removing her from her job without cause and not giving her a reasonable accommodation.

144. Defendant ASEA had until August 12, 2018, to issue a grievance on her behalf but refused to do so when the State improperly removed her from her job.

145. Defendant ASEA instead assisted Defendant Sutherland in getting him back to work despite him having a protective order against him.

146. Defendant ASEA had a duty to Ms. Tyler for not treating her in an arbitrary, discriminatory manner, or in bad faith.

147. Defendant ASEA did not represent Ms. Tyler's interests based on bad faith as it was representing Defendant Sutherland who had raped her.

148. Defendant ASEA breached its duty as it failed to perform ministerial acts on Ms. Tyler's behalf.

149. As a result of its breach, it caused Ms. Tyler to suffer damages.

**COUNT XII- RETALIATION FOR REPORTING IN VIOLATION AS §18.80.220(a)(3).**

150. Plaintiff incorporates by reference the foregoing paragraphs 1-149.

151. Plaintiff reported to management sexual harassment by co-workers.

152. As a result of reporting, Plaintiff was taken out of her position and treated with disrespect by management.

153. As a result of this violation, Plaintiff suffered damages.

**DAMAGES**

WHEREFORE, Plaintiff suffered back pay, benefits, humiliation, pain and suffering, emotional distress, and other economic and noneconomic damages; and in addition, punitive damages for the willful and discriminatory conduct by the union and the individual defendants, individually and severally, and attorney fees

and costs and requests an ad damnum in the amount of ten million dollars ($10,000,000.00).

Respectfully submitted,

Dated February 7, 2019:


*/s Sara L. Bloom*
Sara L. Bloom
Alaska Bar No. 1509071
Attorney for Plaintiff Jaime Tyler


**DEMAND FOR JURY TRIAL**

Plaintiff, Jaime Tyler, demands a trial by jury in this matter.


*/s Sara L. Bloom*
Sara L. Bloom