KEVIN CLARKSON
ATTORNEY GENERAL

Siobhan McIntyre (Alaska Bar No. 1206050)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Email: Siobhan.mcintyre@alaska.gov

*Attorney for Defendant State of Alaska*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| JAIME TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF ALASKA, ALASKA | ) | |
| STATE EMPLOYEES ASSOCIATION | ) | |
| (ASEA) LOCAL 52, AFL-CIO, | ) | |
| JAMES TRAVLINE, AND | ) | |
| OMAR SUTHERLAND, | ) | |
| | ) | |
| Defendants. | ) | Case No. 3:19-CV-00039-JWS |

**DEFENDANT STATE OF ALASKA'S ANSWER TO AMENDED COMPLAINT**

The Defendant, State of Alaska, by and through the Office of the Attorney

General, answers Plaintiff Jaime Tyler's Amended Complaint as follows:

**I.    Jurisdiction and parties.**

1.    Defendant admits Ms. Tyler complains in this suit of alleged acts

concerning the Family Medical Leave Act, sexual assault, sex and race based harassment

and discrimination, and breach of contract and retaliation, but denies that Ms. Tyler has

any valid claims against Defendant in this suit and denies she is entitled to any of the relief she seeks.

2.      Upon information and belief, Defendant admits Ms. Tyler is an African-American female fire-fighter and that she alleges she was discriminated against based on her race and sex and retaliated against for reporting discrimination, but Defendant denies that any employment discrimination or retaliation occurred, and denies that Ms. Tyler has any valid claim of sex or race based discrimination or retaliation, and denies that she is entitled to any of the relief she seeks from Defendant State of Alaska.

3.      The allegations in Paragraph 3 are directed at Defendant Alaska State Employees Association, Local 52 (ASEA) rather than Defendant State of Alaska and therefore no response is required. To the extent a response is required, Defendant State of Alaska is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4.      Upon information and belief, Defendant admits the allegations in Paragraph 4.

5.      Upon information and belief, Defendant admits the allegations in Paragraph 5.

6.      Upon information and belief, Defendant admits the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 state a legal conclusion and therefore no response is required. To the extent a response is required, Defendant admits Ms. Tyler

*Tyler v. SOA, et al.*                                                    Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                          Page 2 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 2 of 25

has been employed as a Wildland Fire and Resource Technician I (WFRT) at the Department of Natural Resources, Delta Junction Division of Forestry Office from August 7, 2017 to present.

8.      The allegations in Paragraph 3 are directed at Defendant Alaska State Employees Association, Local 52 rather than Defendant State of Alaska and therefore no response is required.

9.      Upon information and belief, Defendant admits the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 state a legal conclusion and, therefore, no response is required.

## II.   Venue.

11.     The allegations in Paragraph 11 state a legal conclusion and, therefore, no response is required.

## III.  Facts.

12.     Upon information and belief, Defendant admits Ms. Tyler was hired as an Emergency Fire Fighter with the State of Alaska, Department of Natural Resources, Fairbanks Division of Forestry Office on or about July 1, 2011.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14.     The allegations in Paragraph 14 state a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant is without

*Tyler v. SOA, et al.*                                    Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                    Page 3 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 3 of 25

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15.     Upon information and belief, Defendant admits WFRT positions are held by more male employees than female employees. Except as expressly admitted, Defendant denies the allegations in Paragraph 15.

16.     Defendant denies the allegations in Paragraph 16.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18.     Defendant admits Ms. Tyler was promoted from Emergency Fire Fighter to WFRT I on or about August 7, 2017 and completed single resource assignments both in Alaska and outside in this position. Except as expressly admitted herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19.     Defendant denies the State of Alaska, Department of Natural Resources provided Ms. Tyler with any formal performance evaluations in her position as a WFRT I. Defendant admits Ms. Tyler received an individual performance rating following the Chetco Bar Fire in which her assignment supervisor rated her performance as "fully successful" and "exceeds successful" on September 11, 2017. As to the remaining allegations in Paragraph 19, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

*Tyler v. SOA, et al.*                                    Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                    Page 4 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 4 of 25

20.    Defendant admits that in July 2017, Ms. Tyler applied, interviewed and was offered a forestry position as a WFRT II at the Delta Junction Division of Forestry Office. Ms. Tyler was offered the WFRT II position in err because she did not have the necessary qualifications for the WFRT II position. After discovering this error, Defendant offered, and Ms. Tyler accepted, a WFRT I position at the Delta Junction Division of Forestry Office, which was a promotion from her prior Emergency Fire Fighter position and for which she was qualified.

21.    Defendant admits that in July 2017, Ms. Tyler applied, interviewed and was offered a forestry position as a WFRT II at the Delta Junction Division of Forestry Office. Ms. Tyler was offered the WFRT II position in err because she did not have the necessary qualifications for the WFRT II position. This position was then offered to Randall Allen, a white male co-worker of Ms. Tyler's. Except as expressly admitted herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22.    Defendant denies the allegations in Paragraph 22.

23.    The allegations in Paragraph 23 state a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24.    Defendant admits that, in 2017, Ms. Tyler made allegations of disparate treatment to the Division of Forestry regarding restrooms for female fire fighters at the

*Tyler v. SOA, et al.*                                                    Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                              Page 5 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 5 of 25

Fairbanks Division of Forestry Office and, on or about May 14, 2018, Ms. Tyler reported to the Delta Junction Fire Management Officer the alleged sexual assault by Defendant Omar Sutherland on April 27, 2018 and also allegations of disparate treatment for failure to designate one of four restrooms at the Delta Junction Division of Forestry Office as women only. Except as expressly admitted, Defendant denies the allegations in Paragraph 24.

25. Defendant admits Ms. Tyler asked the Fire Management Officer if a bathroom at the Delta Junction Forestry Division Office could be designated for women only in May 2018.

26. Defendant denies the allegations Paragraph 26. In May 2018, the Delta Junction Forestry Office designated one of its bathrooms as women only following Ms. Tyler's request.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29. Defendant admits Ms. Tyler attended a Fire Engine Academy Training in Palmer, Alaska in April 2018. Except as expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

*Tyler v. SOA, et al.*                                    Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                    Page 6 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 6 of 25

30.     Defendant admits Ms. Tyler attended a Fire Engine Academy Training in April 2018 in Palmer, Alaska. Defendant admits Ms. Tyler has been employed with the Division of Forestry Office at the Delta Junction Division of Forestry Office from August 7, 2017 to present.

31.     Defendant admits Defendants James Travline and Omar Sutherland have been employed with the Fairbanks Division of Forestry Office from June 2012 and June 2013 to present, respectively, where Ms. Tyler was also employed from August 2011 to August 2017. Except as expressly admitted, Defendant denies the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 are directed at Defendant James Travline rather than Defendant State of Alaska and therefore no response is required.

33.     The allegations in Paragraph 33 are directed at Defendant James Travline rather than Defendant State of Alaska and therefore no response is required.

34.     The allegations in Paragraph 34 are directed at Defendant James Travline rather than Defendant State of Alaska and therefore no response is required.

35.     The allegations in Paragraph 35 are directed at Defendant James Travline rather than Defendant State of Alaska and therefore no response is required.

36.     The allegations in Paragraph 36 are directed at Defendant James Travline rather than Defendant State of Alaska and therefore no response is required.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies them.

*Tyler v. SOA, et al.*                                      Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                     Page 7 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 7 of 25

38.     The allegations in Paragraph 38 are directed at Defendant Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

39.     The allegations in Paragraph 39 are directed at Defendant Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

40.     The allegations in Paragraph 40 are directed at Defendant Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

41.     The allegations in Paragraph 41 are directed at Defendant Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

42.     The allegations in Paragraph 42 are directed at Defendant Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

43.     The allegations in Paragraph 43 are directed at Defendant Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

44.     The allegations in Paragraph 44 are directed at Defendant Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

45.     The allegations in Paragraph 45 are directed at Defendant Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

47.     Defendant admits Ms. Tyler submitted a Certification of Health Provider from Josie Barry, MA, LPC, dated June 12, 2018, indicating Ms. Tyler required a two month absence from her employment for treatment related to post-traumatic symptoms

*Tyler v. SOA, et al.*                                    Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                    Page 8 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 8 of 25

following the April 27, 2018 alleged sexual assault. Except as expressly admitted, Defendant denies the allegations in Paragraph 47.

48.     Defendant admits Josie Barry, MA, LPC provided a Letter of Recommendation for Leave of Absence, providing a diagnosis code for Ms. Tyler and stating Ms. Tyler was attending counseling at Josie Barry's Hats of Wisdom practice in Delta Junction. Except as expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

49.     Defendant admits Defendant Omar Sutherland was placed on paid administrative leave during the pendency of a disciplinary investigation from May 25, 2018 until June 29, 2018 and returned to work at the Fairbanks Division of Forestry Office on July 2, 2018. Upon information and belief, Defendant admits Ms. Tyler filed and was granted a short-term protective order from the Fairbanks Superior Court against Defendant Omar Sutherland on or about June 27, 2018. Except as expressly admitted, Defendant denies the allegations in Paragraph 49.

50.     Defendant admits Ms. Tyler reported to her direct supervisor on or about May 14, 2018 that Defendant Omar Sutherland had sexually assaulted her on April 27, 2018 at a gathering after work hours in a bar in Palmer, Alaska, and Ms. Tyler provided a Certification of Health Provider from Josie Barry, MA, LPC, dated June 12, 2018, indicating she required an absence from her employment for treatment related to post-

*Tyler v. SOA, et al.*                                   Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                Page 9 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 9 of 25

traumatic symptoms following the April 27, 2018 alleged sexual assault. Except as expressly admitted, Defendant denies the allegations in Paragraph 50.

51.     Defendant admits Ms. Tyler was approved for two months of medical leave pursuant to the Alaska Family Leave Act from on or about June 1, 2018 to August 1, 2018. Except as expressly admitted, Defendant denies the allegations in Paragraph 51.

52.     Defendant admits Ms. Tyler was approved for and appointed to two months of medical leave pursuant the Alaska Family Leave Act (AFLA) from on or about June 1, 2018 to August 1, 2018 and that this leave was unpaid, as the AFLA does not provide for paid leave and employees are placed on approved leave without pay, if an employee has exhausted their leave balance. Upon information and belief, Ms. Tyler had exhausted her available leave balances and was placed in leave without pay status on June 1, 2018. Except as expressly admitted, Defendant denies the allegations in Paragraph 52.

53.     Defendant admits Ms. Tyler submitted a Certification of Health Provider from Josie Barry, MA, LPC, dated June 12, 2018, indicating Ms. Tyler required a two month absence from her employment for treatment related to post-traumatic symptoms following the April 27, 2018 alleged sexual assault. Except as expressly admitted, Defendant denies the allegations in Paragraph 53.

54.     Defendant admits Ms. Tyler was approved for and appointed to two months of medical leave pursuant the Alaska Family Leave Act (AFLA) from on or about June 1, 2018 to August 1, 2018. Except as expressly admitted, Defendant denies the allegations in Paragraph 54.

*Tyler v. SOA, et al.*                                    Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                 Page 10 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 10 of 25

55.     Defendant admits Ms. Tyler provided Defendant with a letter from Randy Lewis, MD, dated July 30, 2018 stating there is no reason Ms. Tyler could not perform her assigned work at the Delta Junction Division of Forestry Office, but that she be limited to local duties and not sent into the field. Except as expressly admitted, Defendant denies the allegations in Paragraph 55.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

57.     Defendant admits Ms. Tyler was placed on unpaid medical leave pursuant to the AFLA on or about August 2, 2018 after returning to work on August 1, 2018. Except as expressly admitted, Defendant denies the allegations in Paragraph 57.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them. To the extent the allegations in Paragraph 59 are directed at Defendant ASEA rather than Defendant State of Alaska and therefore no response is required.

60.     Defendant admits a meeting was held on August 29, 2018 to address allegations that Ms. Tyler had failed to follow directives and meet expectations for her position as a WFRT I, which was a safety concern, and for exhibiting poor interpersonal skills. Defendant admits Division of Forestry management and human resources attended this meeting, and Ms. Tyler was represented by Suzan Hartlieb with ASEA. Except as

*Tyler v. SOA, et al.*                                    Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                Page 11 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 11 of 25

expressly admitted, Defendant denies the allegations in Paragraph 60. To the extent the allegations in Paragraph 60 are directed at Defendant ASEA rather than Defendant State of Alaska, no response is required.

61.     Defendant admits Ms. Tyler wrote a letter the Division of Forestry, dated August 8, 2018 stating she was fit for duty. Except as expressly admitted, Defendant denies the allegations in Paragraph 61. To the extent the allegations in Paragraph 61 are directed at Defendant ASEA rather than Defendant State of Alaska, no response is required.

62.     The allegations in Paragraph 62 are directed at Defendant ASEA rather than Defendant State of Alaska and therefore no response is required.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them. To the extent the allegations in Paragraph 63 are directed at Defendant ASEA rather than Defendant State of Alaska, no response is required.

64.     The allegations in Paragraph 64 are directed at Defendant ASEA rather than Defendant State of Alaska and therefore no response is required.

65.     Defendant admits Ms. Tyler's probation was extended following the August 29, 2018 meeting through a letter of agreement and, as the 2018 fire season had ended, Ms. Tyler was placed on seasonal leave without pay status. Except as expressly admitted, Defendant denies the allegations in Paragraph 65.

*Tyler v. SOA, et al.*                                        Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint              Page 12 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 12 of 25

66. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies them.

67. Defendant denies that allegations in Paragraph 67.

## IV. Federal causes of action.

### COUNT I – AGAINST THE STATE OF ALASKA – RETALIATION IN VIOLATION OF FMLA

68. This is a preliminary statement which requires no response.

69. The allegations in Paragraph 69 state a legal conclusion and, therefore, no response is required.

70. Defendant admits Ms. Tyler was approved for and appointed to leave under the AFLA on June 1, 2018 and again on August 2, 2018, but was informed she did not qualify for leave under the FMLA in a letter from the State of Alaska, Department of Administration, Division of Personnel and Labor Relations, dated July 12, 2018. Except as expressly admitted, Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

### RESPONSE TO PRAYER FOR RELIEF AS TO COUNT I:

Ms. Tyler is not entitled to any of the prayed-for relief against Defendant State of Alaska.

### COUNT II – AGAINST THE STATE OF ALASKA – VIOLATION OF 42 U.S.C. § 1981

73. This is a preliminary statement which requires no response.

74.     The allegations in Paragraph 74 state a legal conclusion and, therefore, no response is required.

75.     Defendant denies the allegations in Paragraph 75.

76.     Defendant denies the allegations in Paragraph 76.

77.     Defendant denies the allegations in Paragraph 77.

78.     This is a preliminary statement which requires no response. To the extent a response is required, Defendant denies that Ms. Tyler is entitled to any of the prayed-for relief against Defendant State of Alaska.

## V.     Pendant state claims.

### COUNT III – AGAINST THE STATE OF ALASKA – DISCRIMINATION IN VIOLATION OF AS § 18.80.220(a)(1) ON THE BASIS OF RACE AND SEX – HOSTILE WORK ENVIRONMENT

79.     This is a preliminary statement which requires no response.

80.      The allegations in Paragraph 80 state a legal conclusion and, therefore, no response is required.

81.     Defendant denies the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 state a legal conclusion and, therefore, no response is required.

83.     Defendant denies the allegations in Paragraph 83 and denies that Ms. Tyler is entitled to any of the prayed-for relief against Defendant State of Alaska.

84.     Defendant denies the allegations in Paragraph 84.

85.     Defendant denies the allegations in Paragraph 85.

*Tyler v. SOA, et al.*                                    Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                    Page 14 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 14 of 25

86.     This is a preliminary statement which requires no response. To the extent a response is required, Defendant denies that Ms. Tyler is entitled to any of the prayed-for relief against Defendant State of Alaska.

## COUNT IV – AGAINST THE STATE OF ALASKA – DISCRIMINATION IN VIOLATION OF 18.80.22(a)(1) ON THE BASIS OF RACE AND SEX – ADVERSE ACTION

87.     This is a preliminary statement which requires no response.

88.     Defendant admits Ms. Tyler was appointed to leave under the AFLA on August 2, 2018. Except as expressly admitted, Defendant denies the allegations in Paragraph 88.

89.     Defendant denies the allegations in Paragraph 89 and denies that Ms. Tyler is entitled to any of the prayed-for relief against Defendant State of Alaska.

90.     Defendant denies the allegations in Paragraph 90.

91.     Defendant denies the allegations in Paragraph 91.

92.     This is a preliminary statement which requires no response. To the extent a response is required, Defendant denies that Ms. Tyler is entitled to any of the prayed-for relief against Defendant State of Alaska.

## COUNT V – AGAINST THE STATE OF ALASKA – DISCRIMINATION IN VIOLATION OF 18.89.220(a)(1) ON THE BASIS OF RACE AND SEX – DISPARATE TREATMENT

93.     This is a preliminary statement which requires no response.

*Tyler v. SOA, et al.*                                         Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                    Page 15 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 15 of 25

94.     The allegations in Paragraph 94 state a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 94.

95.     The allegations in Paragraph 94 state a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 94.

96.     The allegations in Paragraph 96 state a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 96.

97.     The allegations in Paragraph 97 state a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 97.

98.     Defendant denies the allegations in Paragraph 98.

99.     This is a preliminary statement which requires no response. To the extent a response is required, Defendant denies that Ms. Tyler is entitled to any of the prayed-for relief against Defendant State of Alaska.

## COUNT VI – AGAINST THE STATE OF ALASKA – DISCRIMINATION IN VIOLATION OF AS 18.80.220(a)(1) ON THE BASIS OF DISABILITY

100.    This is a preliminary statement which requires no response.

101.    Defendant admits that from August 2011 to present Ms. Tyler has been and is presently an employee of the State of Alaska. The remaining allegations in Paragraph 101 state a legal conclusion and, therefore, no response is required. To the

*Tyler v. SOA, et al.*                                    Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint            Page 16 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 16 of 25

extent a response is required, and except as expressly admitted, Defendant denies the allegations in Paragraph 101.

102. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore denies them.

103. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies them.

104. Defendant admits Ms. Tyler submitted a Certification of Health Provider from Josie Barry, MA, LPC, dated June 12, 2018, indicating Ms. Tyler required a two month absence from her employment for treatment related to post-traumatic symptoms following the April 27, 2018 alleged sexual assault. Except as expressly admitted, Defendant denies the allegations in Paragraph 104.

105. Defendant admits Ms. Tyler submitted a Certification of Health Provider from Josie Barry, MA, LPC, dated June 12, 2018, indicating Ms. Tyler required a two month absence from her employment for treatment related to post-traumatic symptoms following the April 27, 2018 alleged sexual assault. Except as expressly admitted, Defendant denies the allegations in Paragraph 105.

106. Defendant denies the allegations in Paragraph 106.

107. Defendant denies the allegations in Paragraph 107.

108. The allegations in Paragraph 108 state a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 108.

*Tyler v. SOA, et al.*                                         Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                    Page 17 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 17 of 25

109.    The allegations in Paragraph 109 state a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 109.

110.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies them.

111.    Defendant denies the allegations in Paragraph 111.

112.    Defendant denies the allegations in Paragraph 112.

113.    Defendant denies the allegations in Paragraph 113.

### COUNT VII – DEFENDANTS JAMES TRAVELINE AND OMAR SUTHERLAND – ASSAULT AND BATTERY

114.    This is a preliminary statement which requires no response.

115.    The allegations in Paragraph 115 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

116.    The allegations in Paragraph 116 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

117.    The allegations in Paragraph 117 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

*Tyler v. SOA, et al.*                                           Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                      Page 18 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 18 of 25

118.    The allegations in Paragraph 118 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – AGAINST DEFENDANTS STATE OF ALASKA, DEFENDANT TRAVLINE AND DEFENDANT SUTHERLAND

119.    This is a preliminary statement which requires no response.

120.    The allegations in Paragraph 120 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

121.    The allegations in Paragraph 121 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

122.    The allegations in Paragraph 122 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

123.    The allegations in Paragraph 123 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

124.    Defendant denies the allegations in Paragraph 124.

125.    The allegations in Paragraph 125 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is

*Tyler v. SOA, et al.*                                      Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                    Page 19 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 19 of 25

required. To the extent a response is required, Defendant denies the allegations in Paragraph 125.

## COUNT IX – INTENTIAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST DEFENDANTS TRAVLINE AND SUTHERLAND

126. This is a preliminary statement which requires no response.

127. The allegations in Paragraph 127 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

128. Defendant admits Ms. Tyler has been employed with the Division of Forestry from July 2011 to present. Except as expressly admitted, Defendant denies the allegations in Paragraph 128. To the extent the allegations in Paragraph 128 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska, no response is required.

129. The allegations in Paragraph 129 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

130. The allegations in Paragraph 130 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

*Tyler v. SOA, et al.*                                                                   Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                         Page 20 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 20 of 25

131.    The allegations in Paragraph 131 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

132.    The allegations in Paragraph 132 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

133.    The allegations in Paragraph 133 are directed at Defendants James Travline and Omar Sutherland rather than Defendant State of Alaska and therefore no response is required.

## COUNT X – AGAINST STATE OF ALASKA – BREACH OF GOOD FAITH AND FAIR DEALING/CONSTRUCTIVE DISCHARGE

134.    This is a preliminary statement which requires no response.

135.    The allegations in Paragraph 135 state a legal conclusion and, therefore, no response is required.

136.    Defendant denies the allegations in Paragraph 136.

137.    Defendant denies the allegations in Paragraph 137.

138.    Defendant denies the allegations in Paragraph 138.

139.    Defendant denies the allegations in Paragraph 139.

## COUNT XI – BREACH OF THE DUTY OF FAIR REPRESENTATION AGAINST DEFENDANTS STATE OF ALASKA AND ASEA.

140.    This is a preliminary statement which requires no response.

*Tyler v. SOA, et al.*                                   Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                    Page 21 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 21 of 25

141.     The allegations in Paragraph 141 are directed at Defendant ASEA rather than Defendant State of Alaska and therefore no response is required.

142.     The allegations in Paragraph 142 are directed at Defendant ASEA rather than Defendant State of Alaska and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 142.

143.     The allegations in Paragraph 143 are directed at Defendant ASEA rather than Defendant State of Alaska and therefore no response is required.

144.     The allegations in Paragraph 144 are directed at Defendant ASEA rather than Defendant State of Alaska and therefore no response is required.

145.     The allegations in Paragraph 145 are directed at Defendant ASEA rather than Defendant State of Alaska and therefore no response is required.

146.     The allegations in Paragraph 146 are directed at Defendant ASEA rather than Defendant State of Alaska and therefore no response is required.

147.     The allegations in Paragraph 147 are directed at Defendant ASEA rather than Defendant State of Alaska and therefore no response is required.

## COUNT XII – RETALIATION FOR REPORTING IN VIOLATION AS § 18.80.220(a)(3).

148.     This is a preliminary statement which requires no response.

149.     Defendant admits Ms. Tyler reported to the Delta Junction Fire Management Officer the alleged sexual assault by Defendant Omar Sutherland on April 27, 2018. Except as expressly admitted, Defendant denies the allegations in Paragraph 149.

*Tyler v. SOA, et al.*                                         Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint              Page 22 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 22 of 25

150.     Defendant denies the allegations in Paragraph 150.

151.     Defendant admits Ms. Tyler has made claims for damages against the State of Alaska for retaliation, but denies that Plaintiff has stated any valid claims against Defendant and denies she is entitled to any of the relief she seeks against Defendant State of Alaska.

## RESPONSE TO DAMAGES AND PRAYER FOR RELIEF

Ms. Tyler is not entitled to any of the prayed-for damages or relief against Defendant State of Alaska.

## AFFIRMATIVE AND OTHER DEFENSES

In defense of Ms. Tyler's claims, Defendant asserts the following:

1.     Ms. Tyler has failed to state a claim upon which relief may be granted.

2.     Ms. Tyler's claims may be barred due to lack of subject matter jurisdiction.

3.     Ms. Tyler's claims may be barred because she failed to exhaust administrative or contractual remedies.

4.     Ms. Tyler's claims may be barred because she failed to comply with the statutory requirements as conditions precedent to the filing of civil actions.

5.     Ms. Tyler's claims may be barred as untimely or by the applicable statutes of limitations.

6.     Ms. Tyler's claim may be barred by the doctrines of waiver, estoppel, and accord and satisfaction.

7.     Ms. Tyler's claims may be barred by failure to mitigate damages.

*Tyler v. SOA, et al.*                                        Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                    Page 23 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 23 of 25

8.      Ms. Tyler's claims may be barred, in whole or in part, by her failure to plead claims with particularity or specificity.

9.      Ms. Tyler's claims may be barred, in whole or in part, because of AS 09.50.250, sovereign immunity, qualified immunity, official immunity or discretionary immunity.

10.     Any claims for damages directly stemming from the Alaska Constitution or the United States Constitution against the state are barred, because the state cannot be liable for such a cause of action.

11.     Defendant reserves the right to add defenses that may be discovered by additional investigation, discovery, or research.

Therefore, Defendant respectfully requests that the Court dismiss Ms. Tyler's complaint with prejudice, enter judgment in its favor, award its costs and attorney's fees, and order such other relief as may be appropriate.

DATED: March 15, 2019.

KEVIN G. CLARKSON
ATTORNEY GENERAL

By:     /s/Siobhan McIntyre
        Siobhan McIntyre
        Assistant Attorney General
        Alaska Bar No. 1206050
        Department of Law
        1031 West Fourth Avenue, Suite 200
        Anchorage, AK 99501
        Phone: (907) 269-6612
        Facsimile: (907) 258-4978
        Email: siobhan.mcintyre@alaska.gov
        Attorney for Defendants State of Alaska

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 24 of 25

<u>Certificate of Service</u>

I certify that on March 15, 2019 the foregoing **Defendant State of Alaska's Answer to Amended Complaint** was served electronically on:

Sara L. Bloom
Law Office of Sara L. Bloom
1120 Huffman Rd, Ste 24-785
Anchorage, AK 99515
sara@907lawyer.com

Served via USPS mail on:

| | | |
|---|---|---|
| Omar Sutherland | James Travline | Dawn Bundick, |
| 1115 21st Avenue | 569 Beacon Rd | President |
| Fairbanks, AK  99701 | Fairbanks, AK  99712 | Alaska State Employees |
| | | Association, Local 52 |
| | | Anchorage Office |
| | | 2601 Denali Street |
| | | Anchorage, AK 99503 |

/s/Cassidy R. White
Cassidy R. White, Law Office Assistant II

*Tyler v. SOA, et al.*                                          Court Case No. 3:19-CV-00039-JWS
Defendant State of Alaska's Answer to Amended Complaint                    Page 25 of 25

Case 3:19-cv-00039-JWS   Document 8   Filed 03/15/19   Page 25 of 25